# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DENNIS KEITH BATES                                                                                 PLAINTIFF

V.                                         NO. 3:12CV00002 JTR

CAROLYN W. COLVIN,
Commissioner, Social
Security Administration                                                                           DEFENDANT

## ORDER

On November 26, 2012, the Court entered a Memorandum Order and Judgment reversing the Commissioner's decision and remanding this case for further administrative proceedings. *Docs. 12 and 13*. On April 2, 2013, the Court entered an Order awarding Plaintiff's counsel $4,005.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). *Doc. 16*.

On remand to the Commissioner, Plaintiff prevailed. On September 10, 2013, the Commissioner issued a Notice awarding Plaintiff $69,840.00 in past-due disability benefits. *Doc. 17-2 at 1*. The Commissioner withheld 25% of that award, $17,460.00, "in order to pay the approved [attorney's] fee." *Doc. 17-2 at 3*.

On November 12, 2013, Plaintiff's counsel, Mr. David Throesch, filed a Motion and an Amended Motion requesting an award of attorney's fees under 42

U.S.C. § 406(b) for his work performed at the District Court level. *Docs. 17, 19*. Pursuant to his fee agreement with Plaintiff, he requests the full 25% contingency fee, $17,460.00. Plaintiff's counsel acknowledges that, if he receives a § 406(b) attorney's fee award, he will refund to Plaintiff the $4,005.00 previously awarded under the EAJA. *Doc. 17 at 2*. Plaintiff's counsel also states that he has a pending motion before the Commissioner requesting fees under § 406(a) for work performed at the administrative level. *Doc. 23*. He concedes that the combined sum of any award under § 406(a) and § 406(b) may *not* exceed the amount of the 25% contingency, $17,460.00. *Id.*

When a Court "renders a judgment favorable to a claimant" in a Social Security case, the Court is authorized to award "a reasonable fee for [the claimant's attorney's] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* This provision does not displace contingent-fee agreements entered into between a claimant and his attorney; rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). So long as the contingent fee does not exceed twenty-five

percent of the past-due benefits, the attorney for the successful claimant must simply show that the fee sought is "reasonable for the services rendered." Id.

For the following reasons, the Court concludes that the requested fee is reasonable. First, the contingent-fee agreement with Mr. Throesch provides that any awarded attorney's fee, including any fees for work at the administrative level, will not exceed twenty-five percent of Plaintiff's past-due benefits. *Doc. 17-1*. This is within the boundary set by § 406(b).

Second, the requested fee is a reasonable award for Plaintiff's counsel's representation. Plaintiff spent over five years pursuing his claim for disability benefits through the administrative and judicial review levels. Plaintiff's counsel bore the risk that he would not win an award for his client and thus would not be paid. It appears that no delay resulted from the representation, and counsel's itemization demonstrates that the time expended at the District Court level was reasonable. *Doc. 19-1 at 4-5*. The Court also notes Plaintiff's counsel's experience and history of representing Social Security claimants.

Under these circumstances, Plaintiff's Motion for attorney's fees under § 406(b) will be granted in the amount requested.

The Court previously awarded to Plaintiff attorney's fees in the amount of $4,0005.00 under the EAJA. *Doc. 16*. Mr. Throesch concedes that he is obligated to refund to his client the lesser of the two awards. *Gisbrecht*, 535 U.S. at 796 (fee

awards may be made under both EAJA and § 406(b), but claimant's attorney must "refun[d] to the claimant the amount of the smaller fee"). Finally, the Commissioner is directed to ensure that the combined amount of the fees that Plaintiff's counsel receives pursuant to § 406(a) and § 406(b) does not exceed the 25% contingency-fee amount withheld from Plaintiff's past-due benefits.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion and Amended Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (*docs. 17 and 19*) are GRANTED.

2. Plaintiff's counsel is entitled to an award of $17,460.00 for attorney's fees for work at the District Court level under 42 U.S.C. § 406(b).

3. Plaintiff's attorney shall refund to Plaintiff the earlier EAJA award of attorney's fees in the amount of $4,005.00.

Dated this 22nd day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE